\_\_\_ FILED \_\_\_ ENTERED
\_\_\_ LODGED \_\_\_ RECEIVED

FEB 13 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY \_\_\_ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE LUTFI      *

 Plaintiff,      *    Civil Action No. RDB-17-3201

v.      *

TRAINING ETC, INC., *et al.*,      *

 Defendants.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

This case arises from an alleged business dispute between Plaintiff George Lutfi ("Plaintiff" or "Lutfi") and Defendants Training ETC Inc. and UMBC Training Centers, LLC (collectively, "Defendants"). On March 5, 2018, this Court dismissed Plaintiff's Complaint without prejudice for failing to comply with an Order of this Court, which had instructed Plaintiff to furnish a U.S. Marshal Service of process form. (ECF Nos. 6, 7.) Now pending before this Court is Plaintiff's Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 8.) The submission has been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Plaintiff's Motion for Reconsideration (ECF No. 8) is DENIED.

### BACKGROUND

On October 30, 2017 Plaintiff commenced this lawsuit *pro se* under the trade name Class Trainers of the Mid-Atlantic ("Class Trainers") alleging, *inter alia*, that Defendants failed to reimburse him for training services provided in September 2014 and made defamatory statements about the quality of his work. (ECF No. 1, at ¶¶ 13-15, 32.) On November 3,

2017, this Court issued an Order explaining that businesses could not proceed without counsel pursuant to Local Rule 101.1.a. (D. Md. 2018) and permitting Lutfi to obtain counsel or amend his Complaint to proceed as an individual. (ECF No. 3.) On December 5, 2017, Plaintiff filed a Motion to "proceed as an individual with an assumed name for George Lutfi." (ECF No. 4.) The Motion represented that Class Trainers was "inseparable from, being one and the same as, George Lutfi." (ECF No. 4, at 7.) On December 20, 2017 this Court issued an Order granting Lutfi's Motion and substitute George Lutfi for Class Trainers as Plaintiff. (ECF No. 6.) The Order further directed Lutfi to furnish a U.S. Marshal service of process form for each Defendant. (*Id.*) The Order warned that, without these forms, the Defendants could not be served and the failure to supply the forms may result in dismissal of the Complaint without prejudice. (*Id.*) Lutfi did not provide these forms as required. Accordingly, on March 5, this Court dismissed Lutfi's Complaint without prejudice. (ECF No. 7.) On April 2, 2018, Lutfi filed the pending Motion for Reconsideration. (ECF No. 8.)

## STANDARD OF REVIEW

A party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment under Rule 60(b). *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). A motion to alter or amend filed within 28 days of judgment is analyzed under Rule 59(e). *See* Fed. R. Civ. P. 59(e). Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified "that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

2

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996), quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995); *see* 11 Wright et al., Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied."). Of import here, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be

3

used sparingly.'" *Pac Ins. Co.*, 148 F.3d at 403 (citation omitted).

## ANALYSIS

Lutfi argues that this Court made an error of law by stating that he was a "self-represented litigant" filing "on behalf of Class Trainers of the Mid-Atlantic" in its December 20, 2017 Order. (ECF No. 8.) While acknowledging that he failed to comply with the Order, he contends that he would have suffered prejudice by proceeding under the name George Lutfi instead of the trade name Class Trainers of the Mid-Atlantic. (*Id.*)

As nothing prevented Lutfi from making these arguments before his case was dismissed, he may not raise them now. *See Pacific Ins. Co.*, 148 F.3d at 403 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment."). Even if these arguments were proper, Lutfi does not explain how he would have suffered prejudice by proceeding under his own name. As he acknowledges, there is no legal distinction between an individual and his sole proprietorship. *See, e.g., Bushey v. Northern Assur. Co. of Am.*, 362 Md. 626, 637; 766 A.2d 598, 604 (Md. 2001) (explaining that a sole proprietorship has no legal existence apart from its owner). Accordingly, Lutfi cannot claim that he would have suffered prejudice by pursuing his claims under his own name.

For these reasons, IT IS HEREBY ORDERED this 13th day of February, 2019, that Plaintiff's Motion for Reconsideration is DENIED; and it is HEREBY FURTHER ORDERED that the Clerk of the Court transmit a copy of this Memorandum Order to the *pro se* Plaintiff.

/s/ R.D. Bennett

Richard D. Bennett
United States District Judge

4